FILED
JUL 29 2011
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CARLOS ANTHONY MIRANDA,  )  Case No. CV 11-00162-SJO (MLG)
    Plaintiff,  )
    v.  )  MEMORANDUM OPINION AND ORDER
      )  DISMISSING COMPLAINT FOR FAILURE
CC II LOWBOWSKI, et al.,  )  TO SERVE AND PROSECUTE
    Defendants.  )

This complaint was lodged with the Court on December 28, 2011 and filed on January 14, 2011. The Court issued summonses to Plaintiff on January 25, 2011, so that Plaintiff could effect service upon Defendant in conformity with Fed.R.Civ.P. 4(I) through the United States Marshal. Those service packets were never sent to the U.S. Marshal for execution.

On May 25, 2011, an order was issued directing Plaintiff to show cause why the action should not be dismissed for failure to effect service. Plaintiff filed a reply and on June 17, 2011, the time to effect service was extended. Plaintiff was given until July 1, 2011, in which to send the appropriate service packets to the Marshal for

service. Plaintiff was warned that failure to comply with the order would result in dismissal of the action for failure to prosecute.

On July 25, 2011, the Court contacted the U.S. Marshal to determine whether the service packets were received. The Marshal responded by email on July 27, 2011, stating that an incomplete set of documents was received from Plaintiff on June 17, 2011, and returned to him with a rejection letter indicating exactly what was missing. As of July 27, 2011, the U.S. Marshal had not received anything back from Plaintiff. Because this action has been pending for almost seven months and the first steps toward service of process have not been taken, the action shall be dismissed without prejudice.

"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed.R.Civ.P. 4(m); *see Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991)(affirming dismissal of complaint for failure to timely serve the summons and complaint); *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987)(same). The 120-day period may be extended by the Court upon a showing of good cause. *See* Fed.R.Civ.P. 4(m).

Here, Plaintiff has not effected service on the named defendant. Indeed, he has not even sent a complete service packet to the Marshal, despite being given several opportunities to do so. While the court is mindful that Plaintiff is proceeding *pro se*, he nonetheless has a responsibility to follow the Rules of Civil Procedure and this Court's orders regarding service. The failure to

effect service warrants dismissal of this action by reason of Rule 4(m).

In addition, courts possess the discretionary authority to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

In weighing these factors, the Court concludes that dismissal is appropriate in this case. The case has been pending for seven months. Plaintiff has been warned that his failure to effect service would result in dismissal of this action. Plaintiff was given an extension of time in which to forward the necessary papers for service of process, but failed to complete this task. After the service packets were last returned as insufficient in June 2011, he failed to re-send them, failed to request an extension of time from the Court to re-send the documents, and has not demonstrated good cause for failing to perform this ministerial act. The interest of the public and the court in bringing cases to resolution weighs in

3

favor of dismissal. There are no other sanctions available when a party has failed to prosecute or effect service.

Accordingly, it is ORDERED that this action be dismissed without prejudice for failure to effect service and failure to prosecute.

Dated: _July 29_, 2011

*S. James Otero*

S. James Otero
United States District Judge

Presented By:

*Marc L. Goldman*

Marc L. Goldman
United States Magistrate Judge